IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COURTNEY D. ROARK, | : |
| Plaintiff, | : |
| v. | : Civ. No. 20-1660-LPS |
| MARK BUCKWORTH, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington, this 11th day of January, 2021;

1. Plaintiff Courtney D. Roark ("Plaintiff" or "father") proceeds *pro se* and has paid the filing fee. He commenced this action on December 7, 2020. (D.I. 1) While Plaintiff did not invoke a federal statute in his Complaint, the civil cover sheet cites 42 U.S.C. § 1983 and 18 U.S.C. § 242 as the statutes under which he proceeds. (D.I. 1-3 at 1) Pending before the Court is Plaintiff's emergency motion for injunctive relief wherein Plaintiff seeks full custody of his child. (D.I. 2)

2. This is the second action Plaintiff has filed in recent months that concerns the custody of his minor son. *See Roark v. Buckworth*, Civ. No. 20-1150-LPS (Del. 2020) (*Roark I*). *Roark I* was dismissed on November 17, 2020 for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine and based upon Eleventh Amendment immunity and judicial immunity. *See Roark I* at D.I. 8, 9) The Court did not address the issue of abstention under the *Younger* abstention doctrine in *Roark I* because it did not appear that there were ongoing matters in State Court. *Id.* at D.I. 8 n.5.

3. Approximately three weeks after entry of the November 17, 2020 Order, Plaintiff filed another action based upon the same facts and once again seeking immediate injunctive relief from December 13, 2018 and July 30, 2020 orders entered by the Family Court of the State of Delaware in and for New Castle County. (D.I. 2) The four defendants named in this action were

also named defendants in *Roark I*. All defendants are judicial officers and all defendants have judicial immunity.[1]

4. There is no need to discuss the facts, the law, or analyze the issues. The Court considered the matters raised in the instant action in *Roark I*. Nothing has changed since entry of the November 17, 2020 Order that denied Plaintiff's motion for injunctive relief, dismissed the Complaint, and closed the case. Accordingly, Plaintiff's motion will be denied, the Complaint will be dismissed, and the case will be closed for the reasons set forth in the Court's November 17, 2020 Memorandum Opinion and Order. *See Roark I* at D.I. 8, 9.

IT IS THEREFORE ORDERED that:

1. All claims in the Complaint seeking injunctive relief are DISMISSED for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. All other claims seeking damages are DISMISSED based upon judicial immunity.

2. Plaintiff's emergency motion for injunctive relief is DISMISSED for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. (D.I. 2)

3. The Clerk of Court is directed to CLOSE the case.

---

[1] To the extent Plaintiff intended to sue Defendants in their personal capacities the claims are barred by reason of judicial immunity. A judicial officer in the performance of his or her duties has absolute immunity from suit and will not be liable for her judicial acts. *See Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'". *Id.* (citations omitted). Here, the allegations relate to actions taken by the Defendant judicial officers as a judge or justice. The Complaint's unsupported assertions fail to set forth any facts that show any of these judicial officers acted in the absence of jurisdiction. Even if Plaintiff's alleged injuries do not flow from the state-court's judgment, Plaintiff may not recover damages from any Defendant judicial officer by reason of judicial immunity. *See Shallenberger v. Allegheny Cty.*, 2020 WL 1465853, at *9 (W.D. Pa. Mar. 26, 2020) (Rooker-Feldman doctrine does not bar those claims for alleged injuries do not flow from the state-court's judgment.).

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE